State ex rel. v. Bell.

STATE *ex rel.* KENNY *et al. v.* A. B. BELL.

(*Nashville.*   December Term, 1919.)

ELECTIONS.   Women not liable for poll taxes in 1919 as qualification
for voting in elections of 1920.

Only one subject to poll tax during the year preceding election fixed
by Shannon's Code, section 1220, is required by Constitution, ar-
ticle 4, section 1, to exhibit evidence of the payment of such tax
as a condition to voting, the constitutional provision not reach-
ing other voters, as women desiring to vote in 1920, granted the
suffrage by amendment to the federal Constitution after January
10, 1919, when poll taxes are assessable by Shannon's Code, sec-
tions 686, 771, 774, against those subject to them, so that they are
not required to pay any poll tax for 1919 as a qualification for
voting in elections held during 1920.

Code cited and construed: Secs. 686, 771, 774, 1220 (S.).

Constitution cited and construed: Art. 4, sec. 1.

FROM DAVIDSON.

Appeal from the Chancery Court of Davidson County.—
HON. JAMES B. NEWMAN, Chancellor.

JOSEPH H. ACKLEN, for appellants.

HORACE OSMENT, H. A. LUCK and R. B. C. HOWELL, for
appellee.

MR. JUSTICE GREEN delivered the opinion of the Court.

This suit was brought on the relation of Katherine T.
Kenny and Caroline G. Kimbrough to compel the trustee

of Davidson county to accept from them the payment of poll taxes for the year 1919. The relators averred that they were citizens of the United States and residents of Tennessee, over twenty-one and under fifty years of age, and the bill was filed for their own benefit and that of other women of like description desiring to participate in the general election, Tuesday, November 2, 1920. The trustee answered and upon the hearing the chancellor dismissed the bill, and the relators have appealed to this court.

The bill proceeds on the theory that the nineteenth amendment to the federal Constitution, forbidding any denial of suffrage on account of sex, has the effect of reading out the word "male" from section 28, article 2, and section 1, article 4, of the Constitution of Tennessee, providing that male persons of the age of 21 years shall be entitled to vote and shall be liable for poll tax. Suppose this be true, and all persons of the fixed age, regardless of sex, are liable for poll tax. Then the Constitution would only require that such persons should give to the judges of any election satisfactory evidence that they had paid their poll taxes "for such preceding period as the Legislature shall prescribe."

The Legislature has fixed this preceding period as the year "next preceding the election," (Shannon's Ann. Code, section 1220), and poll taxes are assessable against those subject to them as of January 10th of each year (Id. sections 686, 771, 774). Only one subject to poll tax during the preceding period fixed by law is required by the Con-

stitution to exhibit evidence of the payment of such tax as a condition to voting. The constitutional provisions do not reach other voters.

This suit has in view the election of November 2, 1920, only. Women were not liable for poll taxes in 1919, even if we assume the word "male" has since been read out of our Constitution and election laws. Therefore they are not required to pay any poll tax for that period as a qualification for voting in elections held during the year next succeeding.

Women are in the same plight with reference to the 1920 elections as young men who have attained their majority since January 10, 1919. Neither are liable for the 1919 poll tax. Both, however, may vote in the November election.

The chancellor pointed out the foregoing, and for these and other reasons, which we need not discuss, dismissed the bill. His decree was obviously correct and is affirmed.